UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EVA A. GARCIA<br>Plaintiff | ) | SA-5-15-CV-278 |
| V. | ) | |
| TRANS UNION LLC &<br>TOLTECA ENTERPRISES, INC.,<br>dba PHOENIX RECOVERY GROUP<br>Defendants | ) | |
| TOLTECA ENTERPRISES, INC.,<br>dba PHOENIX RECOVERY GROUP<br>Third Party Plaintiff | | |
| V. | | |
| COMFORT AIR ENGINEERING, INC.<br>Third Party Defendant | ) | |

## TOLTECA'S ORIGINAL THIRD PARTY COMPLAINT

Now comes Tolteca Enterprises Inc., dba The Phoenix Recovery Group complaining of Comfort Air Engineering, Inc.:

### Parties

1. Plaintiff Eva A. Garcia has brought suit against the named Defendants alleging violations of the Fair Credit Reporting Act ("FCRA") and the Federal Fair Debt Collection Practices Act ("FDCPA").

2. Defendants Tolteca and Trans Union have answered and appeared. Each has asserted denials of liability under the FCRA and FDCPA.

3. Third Party Defendant Comfort Air Engineering Inc., is a Texas corporation doing

business in the Western District of Texas in San Antonio, Texas.

## Jurisdiction

4. This court has supplemental jurisdiction under 28 U.S.C. §1367 because Tolteca's claims are so related to the claims brought within the court's original federal question jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

Tolteca's claims against Comfort Air are intertwined, related to, and arise out of same operative set of facts as the case between Plaintiff and Defendants. Furthermore, the resolution of the case or controversy between Plaintiff and Defendants depends in substantial measure upon a determination of the case or controversy between Tolteca - Comfort Air - and, the Plaintiff.

5. Tolteca files this third party complaint within 10 days of serving its original answer.

## Factual Allegations

6. Third party Defendant Comfort Air Engineering, Inc., is liable to Tolteca for all or part of Plaintiff's claim against Tolteca because of these reasons.

First, Comfort Air informed Tolteca that Plaintiff owed Comfort Air a debt for services, labor and materials provided. As a result, Tolteca attempted to collect the debt from Plaintiff whom Comfort Air identified as being responsible. The collection contract between Comfort Air and Tolteca specified that Comfort Air would indemnify and hold Tolteca harmless for all loss arising out of or relating to the collection services. Therefore, Comfort Air promised to indemnify and hold Tolteca harmless from the claims Plaintiff has alleged in this lawsuit against Tolteca.

Second, Comfort Air informed Tolteca that Plaintiff was liable for the debt owed Comfort Air for its services, labor and materials. Tolteca relied on Comfort Air's representation that Plaintiff owed Comfort Air the debt which Tolteca sought to collect from Plaintiff. Comfort Air agreed to

provide accurate account information on the debt. Comfort Air also warranted that Plaintiff's debt was valid and legally enforceable. Now, Plaintiff claims she does not owe Comfort Air and the debt is her mother's. Whether this contention is true needs to be resolved in this case.

Third, Tolteca alleges that Plaintiff's acts or omissions caused confusion about whether Plaintiff owed Comfort Air a debt. Plaintiff appears to have misled the parties in this case and this situation has a substantial relationship in fact and law to the claims Plaintiff has asserted against the Defendants for allegedly reporting and seeking to collect the debt against Plaintiff. This issue bears directly on the issues raised by the Plaintiff under the FCRA and FDCPA and bears on the contentions of producing cause, damages, and punitive damages.

Therefore, a central feature in this lawsuit is Plaintiff's claims that she does not owe the debt and that, as result, Defendants violated the FCRA and FDCPA. This central feature should be resolved in this lawsuit. Therefore, this third party complaint is filed which will substantially impact her FCRA and FDCPA allegations.

In any event, Tolteca would show that if it is found liable to Plaintiff then Comfort Air should indemnify Tolteca and Comfort Air should be held liable to Tolteca for its inaccurate reporting of the debt and on the basis that Comfort Air breached its warranty that the debt asserted against Plaintiff was valid and legally enforceable.

## Attorney Fees

7. Tolteca sues Comfort Air for its attorney fees on the basis of its indemnity contract and warranty.

WHEREFORE, Defendant Tolteca asks for judgment against Third Party Defendant for all costs, damages, interest, and attorney fees and for all other relief the court finds appropriate.

S/TOM CLARKE
Texas Bar No. 04318600
8026 Vantage Dr. #105
San Antonio, Texas 78230
210/340-8448
210/348-7946 Fax
tclarkeatty7@aol.com

Attorney for Tolteca Enterprises Inc.

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been filed with the Clerk of the Court on June 26, 2015 and copies have been sent to the following attorneys of record.

S/TOM CLARKE

Benjamin Bingham
319 Maverick
San Antonio, Texas 78212
Attorney for Plaintiff

Allison Reddoch
Strasburger & Price
2801 Network Blvd.
Suite 600
Frisco, Texas 75034
Attorney for Trans Union